**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JACKSON HEWITT INC.,

    *Plaintiff*,

  v.

O & W TAXES, INC., an Illinois Company,
OWAIS BHURYA, QURATULANN
BHURYA, ABDUL W. JUNAGADHWALA
and HAMEEDA JUNAGADHWALA,

    *Defendants*.

Civil Action No. 22-cv-02350

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

   This matter stems from franchise agreements between Plaintiff and Defendants.  Plaintiff

Jackson Hewitt Inc. ("JHI") brought this action against O&W Taxes, Inc. ("OWTI") and various

individual defendants (collectively, "Defendants") alleging breach of contract, misappropriation

of trade secrets, and breach of guaranty.  Currently pending before the Court is Defendants' motion

to transfer this case to the United States District Court for the Northern District of Illinois pursuant

to 28 U.S.C. § 1404(a).  D.E. 16.  The Court reviewed all submissions[1] and considered the motion

without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the following

reasons, Defendants' motion is **DENIED**.

---

[1] The submissions consist of Defendants' motion, D.E. 16 ("Br."); Plaintiff's opposition, D.E. 22 ("Opp."); Defendants' reply and motion for leave to file an untimely submission, D.E. 23 ("Reply"); and Plaintiff's response thereto, D.E. 24 ("Response").

I.   **BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff alleges that Defendants are liable for breach of contract, breach of guaranty, and misappropriation of trade secrets in connection with two franchise agreements (the "Franchise Agreements") between the parties.  *See* Compl.  JHI and OWTI were the parties to the Franchise Agreements, while each individual Defendant is a guarantor of "OWTI's obligations to Jackson Hewitt."  *Id.* ¶¶ 3-6.  Thus, each individual Defendant "agreed to perform OWTI's obligations under each of the Franchise Agreements." *Id.* ¶ 15.  The Franchise Agreements "authorized OWTI to operate a Jackson Hewitt income tax preparation business in two separate territories in Illinois."  *Id.* ¶ 12.  The Franchise Agreements included a right for JHI to inspect as well as audit the books and records of OWTI if there was "reason to suspect" wrongdoing and further provided that if Defendants had failed to comply with their obligations under the Franchise Agreements, Defendants would bear the costs of the audit.  *Id.* ¶¶ 35-37, 44.  The Franchise Agreements also require Defendants to reimburse JHI for fees that JHI determines should be returned to customers.  *Id.* ¶ 46.

"In 2020, Jackson Hewitt learned of potential wrongdoing on the part of Defendants" and "exercised its contractual right under the Franchise Agreements to inspect and audit the books and records of OWTI."  *Id.* ¶¶ 38-39.  JHI alleges that the audit substantiated the allegations of wrongdoing.  *Id.* ¶ 41.  JHI then terminated the Franchise Agreements, effective July 16, 2022.  *Id.* ¶ 41.  JHI also alleges that it incurred costs in connection with the inspection and audit as well as costs associated with customer reimbursements; the costs remain unpaid and are accruing interest.  *Id.* ¶¶ 48-50, 55.

---

[2] The factual background is taken from Plaintiff's Complaint ("Compl."), D.E. 1; the Franchise Agreements ("Franchise Agreements"), D.E. 1-1, 1-2; and the Addendum to the Franchise Agreements ("Addendum"), D.E. 1-3.

Defendants seek to transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).  D.E. 16.  Plaintiff states that an "Addendum" to the Franchise Agreements was executed on or about November 11, 2019.  *Id.* ¶ 32.  The Addendum deletes a section of the Franchise Agreements and substitutes a new clause as to venue and jurisdiction.[3]  The Addendum provides in relevant part as follows:

> [Defendants] consent to venue and personal jurisdiction in all litigation brought by [JHI] . . . which in any way arises out of or relates to [Defendants'] franchise relation with [JHI] . . . in the following courts: (a) in the appropriate federal or state court in Illinois to the extent required by the laws of Illinois and this Agreement (subject to Section 28.3) or (b) if permitted by the laws of Illinois and this Agreement (i) the state or county court of any city or county where we have our principal place of business, (presently, Morris County, New Jersey); and, (ii) the United States District Court nearest to our principal place of business, (presently the District of New Jersey, Newark Division).

Addendum § 28.2.  Defendants claim that this clause requires that the matter be transferred to the Northern District of Illinois.

## II.   ANALYSIS

28 U.S.C. § 1404(a) governs changes of venue "for the convenience of the parties."  The provision provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).  "The burden of establishing the need [to]

---

[3] The Addendum purports to delete "Paragraph 28.2" from the Franchise Agreement.  The parties agree that this was an error, and that they intended to delete and replace Paragraph 29.2, which addressed venue and personal jurisdiction.  Br. at 4; Opp. at 3 n.1.

transfer [venue] . . . rests with the movant[.]" *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The threshold issue is whether the Addendum requires that actions arising out of the Franchise Agreements be brought in Illinois.  *See Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) ("Of course, before a contractual forum selection provision can be enforced, it must actually effectuate a selection.").  In making this determination, the Court is guided by the plain language of the agreement.  *Id.*  Thus, the Court is tasked with deciding whether Illinois is a permissive or mandatory forum.  A permissive forum selection clause "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the contract."  *Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 118 (3d Cir. 2014) (quoting *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004)).  In other words, a permissive clause "merely specifies the court empowered to hear litigation" and "allows parties to air any dispute in that court without requiring them to do so."  *Selective Way Ins. Co. v. Glasstech, Inc.*, 191 F. Supp. 3d 350, 360 n.17 (D.N.J. 2016).

Defendants claim that the Addendum "requires" and "mandates" that venue be transferred to the Northern District of Illinois.  Br. at 3, 5.  The Court disagrees.  The Addendum states that Defendants "consent to venue and personal jurisdiction in all litigation brought by" JHI and arising out of the Franchise Agreements "in the following courts," which includes both "the appropriate federal or state court in Illinois" and the District of New Jersey.  Addendum § 28.2.  This clause does not obligate JHI to bring litigation against Defendants in Illinois.  Rather, the clause merely waives Defendants' objections to venue or personal jurisdiction in the stated courts if and when the clause applies.  The clause that immediately follows further demonstrates that § 28.2 does not

4

mandate venue in the Northern District of Illinois.  Addendum § 28.3.1 states that "all litigation brought against" JHI and arising out of the parties' franchise relationship "*shall* be brought and venue *shall* be proper *only in* the following courts *and no others*[.]"  Addendum § 28.3.1 (emphasis added).  This language is clearly mandatory and stands in stark contrast to the prior clause's language, which merely provides Defendants' "consent to venue and personal jurisdiction" in certain courts.[4]  Thus, the Court finds that Addendum § 28.2 does not require the matter to be brought in Illinois.

While a valid, mandatory forum-selection clause would require this Court to "adjust [its] usual § 1404(a) analysis," *Atl. Marine*, 571 U.S. at 63, the Franchise Agreements and Addendum do not contain such a clause.  Thus, the Court proceeds under ordinary § 1404(a) principles.  "A prerequisite for the Court to transfer pursuant to § 1404(a) is that venue would be proper in the proposed district."  *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 439 (D.N.J. 2015).  If venue is proper in the proposed district, then the movant "must also establish that

---

[4] Defendants also argue that the Illinois Franchise Disclosure Act ("IFDA") "mandates Illinois as the situs of the litigation."  Br. at 5-6.  The Court disagrees.  The IFDA states that "[a]ny provision in a franchise agreement that designates jurisdiction or venue in a forum outside of this State is void[.]"  815 ILCS 705/4.  By its plain language, the statute only voids certain contractual provisions which designate venue outside of Illinois, but it does not mandate venue in Illinois.  For instance, in *Franklin's Systems, Inc. v. Infanti*, 883 F. Supp. 246, 250-51 (N.D. Ill. 1995), the court noted that the IFDA establishes that "Illinois has a strong public policy in overriding [a] consent to jurisdiction provision."  That court, however, only concluded that the IFDA was "sufficient to prevent" a contract clause consenting to jurisdiction and venue in Georgia "from serving as the basis for the exercise of personal jurisdiction."  *Id.* at 251.  The court did not hold that the statute required the action to be brought in Illinois—indeed, after concluding that the clause was void, the court conducted a personal jurisdiction analysis and determined that the Georgia court had jurisdiction over the defendant.  *Id.* at 251-53.  Thus, while the IFDA may void Addendum § 28.2, Defendants have not provided any authority stating that the statute requires actions to be brought in Illinois.  Aside from its arguments as to Addendum § 28.2 and the IFDA, Defendants have not independently addressed whether New Jersey is a proper venue or whether this Court has personal jurisdiction over them assuming Addendum § 28.2 is void.  Thus, the Court will not address those issues.

litigating in that forum would be more convenient than proceeding in New Jersey." *Id.* at 440 (citing *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010) ("The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum." (citation omitted))).  In making this determination, the Supreme Court has noted that "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 393 (D.N.J. 2016) (noting that "[t]he Third Circuit gives great weight to a plaintiff's choice of forum" unless "the central facts of a lawsuit occur outside of the chosen forum" (citation omitted)).

"The moving party has the burden of persuasion on a motion to transfer." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 499 (D.N.J. 1998) (citation omitted).  "The moving party must submit sufficient information in the record to facilitate the appropriate analysis and to meet its burden of persuasion." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)). "[C]onclusory allegations are usually insufficient to support . . .  a motion to transfer." *Id.* at 502. The Third Circuit has noted private and public interest factors that courts should consider in determining whether transfer is appropriate under § 1404(a).  *See Jumara*, 55 F.3d at 879.  The private interest factors include (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of relevant books and records—again, only to the extent that they could not be produced in one of the fora. *Id*.  The public interest factors include (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative

administrative difficulties in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

Defendants have failed to meet their burden. Assuming that venue would be proper in the Northern District of Illinois, in light of Addendum § 28.2, Defendants have not provided any support or analysis sufficient to carry its burden of demonstrating that Illinois is a more convenient forum than New Jersey. Defendants do not mention the relevant factors and instead merely state in conclusory fashion that "[c]learly, '. . . the convenience of the parties and witnesses' would be served by not having the five named Defendants and any of Defendants' numerous Illinois customers, who are the likely witnesses, travel half[-]way across the country so that the one corporate Plaintiff can litigate in its home territory."[5] Br. at 3. Defendants further claim that "virtually all of the facts forming the basis for Plaintiff's Complaint have occurred, or are allegedly occurring now, in Illinois." Br. at 6. Conclusory statements are insufficient to meet Defendants' burden. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973) (finding it reversible error that the district court ordered a transfer where "Defendants, having the burden of proof, did not support their motion to transfer with any affidavits, depositions, stipulations, or other

---

[5] The Third Circuit has stated that the convenience of witnesses is only considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F. 3d at 879. Defendants have not made any such showing. Moreover, Defendants have not identified their potential witnesses (other than their reference to "numerous Illinois customers") or what they will testify to. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 n.2 (3d Cir. 1973) (noting that "a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify" would help to establish inconvenience); *see also Mkt. Transition Facility of N.J. v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996) ("'A court will not grant a transfer simply because the transferee court is more convenient for the defendants.'" (quoting *Ballard Med. Prods. v. Concord Lab'ys, Inc.*, 700 F. Supp. 796, 801 (D. Del. 1988))).

documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)").  As such, the motion is denied.[6]

## III.   CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 5th day of December 2022,

**ORDERED** that Defendants' motion to transfer, D.E. 16, is **DENIED**; and it is further

**ORDERED** that Defendants' motion for leave to file reply brief in support of dismissal or transfer *instanter*, D.E. 23, is **DENIED**.

John Michael Vazquez, U.S.D.J.

---

[6] Defendants submitted a reply brief, D.E. 23-1, on August 10, 2022, more than two weeks after the July 25, 2022 deadline.  *See* L. Civ. R. 7.1(d)(3).  Defendants seek leave to file a late reply brief, claiming that this delay was due to their counsel being overseas and his schedule upon return.  D.E. 23.  In the absence of a sufficient excuse, the motion for leave to file, D.E. 23, is denied and the Court will not consider this untimely filing.  Even if it did, however, this submission would not change the Court's analysis because it also failed to provide the appropriate analysis despite Plaintiff raising the relevant points in its Opposition.  Moreover, the reply appears to address an issue that was not raised—the reply argues that the Court should dismiss Plaintiff's Complaint or transfer the action pursuant to 28 U.S.C. § 1406(a), despite the fact the present motion only sought transfer for the convenience of the parties under § 1404(a).